UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06cv159-MOC

| | |
|---|---|
| GREGORY ROLAND PRUESS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's "Motion for New Trial/Amendment to Judgment/Reconsideration," his "Supplemental Motion for New Trial," and his "Motion to Supplement Record," (Doc. No. 15, 16, 21). Through his various motions, Petitioner Gregory Roland Pruess seeks to have this Court reconsider its order dismissing his petition for writ of coram nobis. Petitioner is represented by Charles R. Brewer.

Petitioner pleaded guilty and was convicted in three separate criminal prosecutions against him—all for firearm-related offenses. Petitioner was first convicted in 1995, when he pleaded guilty to one of twelve charged offenses. (Crim. Case No. 5:94CR19 (*Pruess I*), Doc. No. 30). Specifically, Petitioner admitted that he knowingly and unlawfully transferred a military 60-millimeter mortar round, in violation of 26 U.S.C. § 5861(e). (Id., Doc. 3 at 2). In exchange for his agreement to plead guilty to this offense, the Government dismissed all remaining charges against Petitioner. (Id., Docket Entry 2/26/1996). This Court sentenced Petitioner to one year and one day in prison, entering its judgment in April 1996. (Id., Doc. No. 30). Petitioner did not appeal his conviction.

1

A year and a half after this Court entered its judgment in *Pruess I*, a federal grand jury charged Petitioner with 25 counts of unlawfully shipping, transporting, receiving, and possessing firearms, explosives, and mortar and grenade rounds. (Crim. Case No. 5:97CR300 (*Pruess II*), Doc. No. 10). Petitioner pleaded guilty without a plea agreement to 20 of these charges, and the Government dismissed the remaining five charges. (Id., Docket Entry 3/03/1999).

Three years after this Court entered its judgment in *Pruess I*, in June 1999, Petitioner filed a petition for habeas relief under 28 U.S.C. § 2241, arguing that he was actually innocent of the offense to which he pleaded guilty four years earlier. (WDNC Case No. 5:99CV79, Doc. No. 1). This Court construed Petitioner's motion as a motion to vacate under 28 U.S.C. § 2255 and dismissed the action as untimely. (Id., Doc. No. 3). This Court also noted that even if Petitioner's claim of actual innocence had merit, he could not show that he was actually innocent of all of the offenses with which he had been charged in 1994 and he was not, therefore, able to demonstrate actual innocence meriting relief. (Id., Doc. No. 3 at 3 n.1).

While Petitioner was awaiting sentencing in *Pruess II*, he was indicted for a third time and charged with transporting a firearm as a convicted felon and committing that offense while on pretrial release, in violation of 18 U.S.C. §§ 922(g) and 3147. (Crim. Case No. 5:99CR48 (*Pruess III*), Doc. No. 3). Petitioner entered a straight-up plea of guilty for this offense. (Id., Docket Entry 11/08/1999). This Court sentenced Petitioner to 108 months in prison for his convictions in *Pruess II* and to eight months in prison for his conviction in *Pruess III*. (Crim. Case No. 5:97CR300, Doc. No. 82; Crim. Case No. 5:99CR48, Doc. No. 23). The Fourth Circuit affirmed this Court's judgments in *Pruess II* and *Pruess III*. See United States v. Pruess, 2 F. App'x 262 (4th Cir. 2001); United States v. Pruess, 13 F. App'x 87 (4th Cir. 2001).

Beginning in 2000, Petitioner filed a series of motions to recover certain property that had been seized by ATF in conjunction with *Pruess II*. See (Crim. Case No. 5:97CR300, Doc. Nos. 94, 101, 104). On March 24, 2004, this Court conducted a hearing to address Petitioner's claim that the Government had seized numerous items that did not qualify as destructive devices under 18 U.S.C. § 921(a)(4) and 26 U.S.C. § 5845(f). (Id., Docket Entries 03/24/2004 and 03/25/2004). During this hearing, ATF Explosives Operation Officer Rich Campbell testified that the seized items were, in fact, destructive devices.

On December 18, 2006, more than 11 years after Petitioner pleaded guilty in *Pruess I*, Petitioner filed the underlying petition for writ of coram nobis, in which Petitioner argues that he is actually innocent of the offense to which he pleaded guilty in *Pruess I*. Specifically, Petitioner argues that the 60-millimeter mortar round is not a "destructive device" under 26 U.S.C. § 5861(e). Petitioner relies on Campbell's March 24, 2004, testimony. (Id., Doc. 1 at 5-6). The Government filed two responses to Petitioner's petition and submitted a declaration from Campbell. (Id., Docs Nos. 3, 7). In his declaration, Campbell states that he has reviewed his testimony from the March 24, 2004, hearing and that he never addressed during his testimony whether a military 60-millimeter mortar round constitutes a destructive device for purposes of 26 U.S.C. § 5861(e). See (Decl. of Richard J. Campbell, WDNC 5:06CV159, Doc. No. 3-1 at ¶ 17, Ex. 1 (explaining that Campbell had reviewed his testimony from the March 24, 2004, hearing and that "at no time" did he "testify regarding the classification under Federal law of a Military 60mm . . . mortar round"). Campbell also states a military 60-millimeter mortar round is "identified as [an] explosive bomb[] and fall[s] within the definition of destructive devices contained in 26 U.S.C. § 5845(f)(1)(A)." (Id., Doc. No. 3-1 at ¶ 9). Based on this declaration,

3

on 26 U.S.C. § 5845(f)(1), which defines "destructive device" to include a bomb of "similar device," and on legal authority establishing that large-caliber weapons including mortars constitute destructive devices, the Government requested that this Court deny Petitioner's petition for writ of coram nobis. (Id., Doc. No. 3 at 3-4).

On August 8, 2011, this Court dismissed Petitioner's petition for writ of coram nobis. (Id., Doc. No. 13). This Court held that Petitioner failed to establish that his claim could not have been raised on direct appeal. (Id. at 17-22). This Court also held that Campbell's testimony could not support coram nobis relief because (1) Petitioner failed to produce any legal authority suggesting that Campbell's testimony was the equivalent of a statute or case law establishing Petitioner's actual innocence and (2) Campbell's testimony "did not mention the 60 mm mortar round at issue" in *Pruess I*. (Id. at 22-24). This Court explained that "the 60 mm mortar round . . . comes within the plain language of the statute." (Id. at 23).

Four days after this Court's decision, Petitioner filed a motion for reconsideration, attaching a letter sent to this Court in September 1996, in which Petitioner asserts that he did not object to certain misstatements in his presentence report because he could not afford the attorneys' fees needed to take his case to trial. (Doc. No. 15, Ex. A). Petitioner requested in his motion that this Court "consider" this letter "on the issue of whether he could have sooner brought the claim and as a partial explanation for his delay in asserting the same." (Id. at 1).

A week after this Court's decision dismissing his coram nobis petition, Petitioner filed a supplemental motion for reconsideration, asking that this Court take judicial notice of Petitioner's 2003 petition for writ of certiorari, though Petitioner did not submit a copy of that petition. (Id., Doc. No. 16). Petitioner asserted that one of the issues raised in that petition was

4

that a 60-millimeter mortar round is not a destructive device and that Petitioner was actually innocent. (Id.). Petitioner stated that as soon as he was able to obtain a copy of the petition for writ of certiorari, he would submit it for this Court's consideration.

On March 7, 2017, this Court noted that Petitioner had never submitted the petition for writ of certiorari and asked Petitioner to submit a status report. (Doc. No. 17). On April 18, 2017, Petitioner filed a status update, asserting that he had made significant efforts to obtain a copy of his 2003 petition for writ of certiorari but that counsel could not recall that he had ever received the petition, and he requested additional time to submit the petition. (Doc. No. 20). Petitioner also filed a motion to supplement the record, in which he seeks to supplement the record with the petition for writ of cert and for additional time to attempt to located exhibits that were attached to the petition. The Court ordered the Government to respond to Petitioner's pending motions. (Doc. No. 22). The Government filed its Response on June 6, 2017. (Doc. No. 23). On June 12, 2017, Petitioner filed his Reply, in which he attached his petition for certiorari, in which he argued his actual innocence. (Doc. No. 24).

Petitioner's motions are denied. First, to the extent that Petitioner has filed a motion to supplement the record to submit the petition for writ of certiorari and accompanying exhibits, the Court has considered the attached petition for writ of certiorari. The Court will not allow Petitioner more time to find the accompanying exhibits, which counsel concedes may have been destroyed in a flood at Petitioner's home. Thus, to this extent, the motion to supplement will be denied.

A writ of coram nobis is an extraordinary remedy of "last resort" and "provides relief in cases where the error 'rendered the proceeding itself irregular and invalid.'" United States v.

Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (quoting United States v. Addonizio, 442, 178, 186 (1986)). Here, Petitioner has presented no evidence or legal authority supporting his claim for relief, let alone evidence or legal authority suggesting that *Pruess I* was irregular and invalid. First, the petition for writ of certiorari that Petitioner has submitted does not relate to the conviction he now seeks to vacate, because Petitioner never appealed that conviction. Furthermore, the fact that Petitioner asserted in that petition that he was actually innocent of his conviction in *Pruess I* does not alter the outcome here because Petitioner did not assert his legal innocence on direct appeal. Additionally and more importantly, Petitioner has presented no facts or evidence supporting a claim of actual innocence. As this Court explained in its 2011 order dismissing the petition for coram nobis, Campbell never testified that a 60-millimeter mortar round is not a destructive device for purposes of 26 U.S.C. § 5681(e). Even if he had testified that such a mortar round is not a destructive device, his testimony would not establish Petitioner's actual innocence of the offense because the plain language of the statute and the legal authority provided by the Government in its responses to Petitioner's coram nobis petition establish that a 60-millimeter mortar round is a destructive device. Nothing in a petition for writ of certiorari, filed eight years after Petitioner's conviction, can alter the classification of the mortar round as a destructive device.

In sum, because Petitioner has failed to state any basis for the extraordinary relief he seeks and because a copy of the petition for writ of certiorari, filed in 2003, cannot cure the legal deficiencies in his claim for relief, Petitioner's motions are denied.

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's "Motion for New Trial/Amendment to Judgment/Reconsideration," his

"Supplemental Motion for New Trial," and his "Motion to Supplement Record," (Doc. Nos. 15, 16), are **DENIED**.

(2) Petitioner's Motion to Supplement Record, (Doc. No. 21), is **DENIED** in part and **GRANTED** in part.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 19, 2017

Max O. Cogburn Jr.
United States District Judge

7